## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARY L. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EDUARDO D. VERZOLA, | ) |
| | ) |
| Defendant, | ) |

No. 4:20-cv-00295-RLW

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Mary L. White for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the financial information submitted in support, the Court finds that the motion should be granted. Additionally, for the reasons discussed below, plaintiff will be directed to show cause why her complaint should not be dismissed for lack of subject matter jurisdiction.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action against Dr. Eduardo D. Verzola of Festus, Missouri. (Docket No. 1 at 2). She asserts that this Court has federal question jurisdiction based on "[t]he Bill of Rights." (Docket No. 1 at 3). The basis of the complaint is plaintiff's contention that Dr. Verzola committed medical malpractice.

In the "Statement of Claim," plaintiff alleges that she was harmed by Dr. Verzola while being treated by him in 2012. (Docket No. 1 at 5). She claims that Dr. Verzola failed to warn her

2

about "the danger of the treatment," that Dr. Verzola failed to warn her of "the F.D.A. warnings," that Dr. Verzola "failed to stop [and] cease treatment," that Dr. Verzola failed to address her condition, and that Dr. Verzola never should have placed her "on this treatment due to [her] diagnoses." Plaintiff also states that Dr. Verzola "failed to have [her] under mental health while on this treatment."

As a result, plaintiff states that she has scarring over her entire body, and that she has suffered "mental abuse." She further claims to suffer from depression, anxiety, loss of hope, loss of joy, loss of happiness, the loss of her job, the loss of her savings, and the loss of love and companionship. (Docket No. 1 at 6). Plaintiff seeks to have all her medical bills paid for the rest of her life. (Docket No. 1 at 5). She also requests "actual damages [in the amount of] 5,0000 [sic] million." (Docket No. 1 at 6).

## Discussion

Plaintiff brings this civil action against Dr. Eduardo Verzola, accusing him of medical malpractice. For the reasons discussed below, plaintiff will be directed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every

3

federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff asserts that this Court has federal question jurisdiction over her case. However, as discussed below, it does not appear that either federal question jurisdiction or diversity jurisdiction is present.

## B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139

4

(8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

Here, plaintiff asserts that her case implicates a federal questions because "[t]he Bill of Rights" is at issue. To be sure, a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015). Plaintiff, however, has not stated a § 1983 claim. That is, she has not presented facts demonstrating that any of her constitutional rights were violated. *See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States"). Plaintiff has also failed to show that Dr. Verzola is a state actor. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (stating that for purposes of a § 1983 claim, "a plaintiff must allege sufficient facts to show that the defendant(s) acted under color of state law"). As such, § 1983 does not provide a jurisdictional basis.

Aside from plaintiff's reference to the Bill of Rights, she does not provide any support for the proposition that federal question jurisdiction exists. In particular, she makes no reference to any specific federal statutes or federal treaties. Though she mentions the Bill of Rights, she does not identify any specific provisions of the United States Constitution. Plaintiff also acknowledges that she is not suing the Federal Government, a federal official, or a federal agency. In short, plaintiff has not shown that this case arises under federal law, or that federal question jurisdiction exists over this matter.

## C. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiff has asserted an amount in controversy that exceeds the jurisdictional threshold. However, she has failed to establish the diversity of the parties. Specifically, she states that both her and Dr. Verzola are Missouri citizens. Therefore, she has failed to demonstrate the existence of diversity jurisdiction in this action.

6

**D. Order to Show Cause**

As discussed above, plaintiff has not adequately provided a basis for this Court's jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff will be ordered to show cause within thirty (30) days of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

**E. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, plaintiff is being directed to show cause as to why this case

7

should not be dismissed for lack of subject matter jurisdiction. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff is required to show cause in writing and within **thirty (30) days** of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

Dated this 7th day of July, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE