**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MARY L. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-00295-RLW |
| | ) |
| EDUARDO D. VERZOLA, | ) |
| | ) |
| Defendant, | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Mary L. White's responses to the Court's show cause order of July 7, 2020. (Docket Nos. 5-8). Having reviewed the responses, and for the reasons discussed below, the Court will dismiss this action for lack of subject matter jurisdiction.

#### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8ᵗʰ Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8ᵗʰ Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8ᵗʰ Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8ᵗʰ Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who filed this civil action against Dr. Eduardo D. Verzola[1] on February 20, 2020. (Docket No. 1). She also filed a motion for leave to proceed in forma pauperis, which was granted. Plaintiff asserted that the Court had federal question jurisdiction based on the Bill of Rights. (Docket No. 1 at 3).

In the complaint, plaintiff accused Dr. Verzola of harming her while being treated by him in 2012. (Docket No. 1 at 5). She claimed that Dr. Verzola failed to warn her about "the danger of

---

[1] In her motion to correct complaint, plaintiff states that defendant's correct name is Edwardo D. Verzola. (Docket No. 6).

the treatment," that Dr. Verzola failed to warn her of "the F.D.A. warnings," that Dr. Verzola "failed to stop [and] cease treatment," that Dr. Verzola failed to address her condition, and that Dr. Verzola never should have placed her "on this treatment due to [her] diagnoses." Plaintiff also stated that Dr. Verzola "failed to have [her] under mental health while on this treatment."

As a result, plaintiff stated that she has scarring over her entire body, and that she has suffered "mental abuse." She further claimed to suffer from depression, anxiety, loss of hope, loss of joy, loss of happiness, the loss of her job, the loss of her savings, and the loss of love and companionship. (Docket No. 1 at 6). Plaintiff sought to have all her medical bills paid for the rest of her life. (Docket No. 1 at 5). She also requested "actual damages [in the amount of] 5,0000 [sic] million." (Docket No. 1 at 6).

Because plaintiff was proceeding in forma pauperis, the Court reviewed her complaint pursuant to 28 U.S.C. § 1915. (Docket No. 4). In so doing, the Court determined that plaintiff had not established this Court's subject matter jurisdiction. Specifically, plaintiff's broad reference to the Bill of Rights did not provide her federal question jurisdiction, as she pointed to no violation of any particular constitutional provision. Furthermore, diversity jurisdiction did not exist because plaintiff and Dr. Verzola were both Missouri citizens. On July 7, 2020, the Court ordered plaintiff to show cause as to why her complaint should not be dismissed. She was given thirty days to submit a response.

## Plaintiff's Responses

Plaintiff has provided four separate responses to the Court, all submitted on July 16, 2020. The responses consist of a motion to amend her complaint (Docket No. 5), a motion to correct her complaint (Docket No. 6), a memorandum in support of her complaint (Docket No. 7), and a statement of supporting evidence (Docket No. 8).

3

## A. Motion to Amend

Plaintiff's motion to amend contains two attachments. The first attachment states that plaintiff's amended complaint will show that the Eighth Amendment was violated; that harm was done to her physically; that Dr. Verzola prescribed the medication that caused her harm; that she will show pictures of this medication; that the medication was unsafe for consumer use, and that the Food and Drug Administration included a warning to stop and treat dangerous side effects; that her rights have been violated under the "[Consumer] bill of rights;" and that plaintiff's "right to Inform" was violated. (Docket No. 5-1 at 1). Plaintiff also contends that under the "Federal Patient Bill of Rights" she has a right to appropriate medical care and humane treatment pursuant to the Eighth Amendment; the right to informed consent; and the right to information.

Plaintiff further alleges that she was "harmed by the use of [the] medication Incivek (telaprevir), Peginterferon alfa, and Ribavirin during the Hep C treatment in the year of 2012 under the care of a doctor [and] was not aware of the dangers that these medication carried for years." (Docket No. 5-1 at 2). She states that she "stumbled across what [has] caused her health issues," resulting in this lawsuit.

The second attachment states that plaintiff's First and Eighth Amendment rights were violated; that the federal patient bill of rights was violated; that plaintiff's human rights were violated; that the Federal Food, Drug, and Cosmetic Act was violated; that the Consumer Product Safety Act was violated; and that the patient bill of rights was violated. (Docket No. 5-2 at 1).

Plaintiff asserts that under the First Amendment, her rights were violated when Dr. Verzola "did not [label] warnings of dangerous side effects." She states that prescription drugs must include certain information, as enumerated in 21 C.F.R. § 201.57 and 21 C.F.R. § 201.100. (Docket No. 5-2 at 2). She further states that this is also required by the Food, Drug, and Cosmetic Act. Plaintiff

4

accuses Dr. Verzola of a "lack of medical consent" apparently relating to the medication she was given.

Plaintiff also claims that her Eighth Amendment right "was violated during the treatment due to the [manufacturer] not letting the public be informed of these side effects that caused [serious] scarring to over half [her] body and the mental illness and [damaging] effects that could come later in life." According to plaintiff, the Eighth Amendment protects her right to medical care, as well as protecting her from being subjected to pain and suffering. (Docket No. 5-2 at 3).

## B. Motion to Correct Complaint

Plaintiff's motion to correct her complaint seeks to update the actual name and address of Dr. Verzola. (Docket No. 6 at 1). She also requests "to enter any and all documents [pertaining] to...this case." Finally, plaintiff states that she "will show that the Defendant in this case deliberately caused harm, pain, [and] suffering that violated the Eighth Amendment." Included in the motion is a list of caselaw, including *Estelle v. Gamble*, 429 U.S. 97 (1976). (Docket No. 6 at 2).

## C. Memorandum in Support of Complaint

Plaintiff's memorandum in support of her complaint provides that she is not an attorney and that "it would not be fair to the plaintiff not to be able to present every [piece] of [evidence] that would help her to prove that she was injured by the use of this medication and the company that made this product is liable for the harm [and] effects...caused by the product." (Docket No. 7 at 1). She further claims that Dr. Verzola "knowing of these dangerous side effects and not stopping the use of this product...was cruel and unusual punishment" that violated the Eighth Amendment.

5

## D. Statement of Supporting Evidence

In plaintiff's statement of supporting evidence, she claims that Dr. Verzola refused "to follow the warning of the F.D.A. to stop all use" of Incivek (telaprevir), Peginterferon alfa, and Ribavirin. (Docket No. 8 at 1). She further alleges that Dr. Verzola "[deliberately], carelessly [and] recklessly took it upon himself to cause harm and [deny]" her the right to know that these drugs carried an F.D.A. order to stop the use and treat for side effects. Plaintiff states that Dr. Verzola "was more worried about finishing the treatment" than dealing with the infections caused by the medications.

## Discussion

Plaintiff brings this civil action against Dr. Verzola, accusing him of medical malpractice. In particular, she alleges that Dr. Verzola harmed her by prescribing her Incivek (telaprevir), Peginterferon alfa, and Ribavirin, which caused serious side effects. For the reasons discussed below, the Court will dismiss this case for lack of subject matter jurisdiction.

## A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every

6

federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff asserts that this Court has federal question jurisdiction over her case. However, as discussed below, plaintiff has not established that either basis for jurisdiction is present.

## B. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds \$75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of

7

recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

With regard to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiff has asserted an amount in controversy that exceeds the jurisdictional threshold. However, she has failed to establish the diversity of the parties. Specifically, she states that both her and Dr. Verzola are Missouri citizens. Nothing in her responses attempts to refute this. Therefore, plaintiff has failed to demonstrate the existence of diversity jurisdiction in this action.

## C. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the

8

face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *See Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Here, plaintiff's complaint provided only that this case arose under the Bill of Rights. In her responses, however, plaintiff has presented a variety of potential sources for federal question jurisdiction. Those sources consist of the First Amendment; the Eighth Amendment; the federal patient bill of rights; the patient bill of rights; human rights; the Food, Drug, and Cosmetic Act; and the Consumer Product Safety Act. However, as discussed below, none of the proposed jurisdictional bases are implicated by plaintiff's allegations against Dr. Verzola. As the proposed bases are meritless, dismissal is appropriate.

### i. The First Amendment

The First Amendment to the United States Constitution provides that: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff does not give any indication as to how Dr. Verzola violated any of these aforementioned rights. More

9

fundamentally, however, the First Amendment is not applicable to Dr. Verzola because there are no allegations of state action, or that Dr. Verzola was a state actor. *See Manhattan Community Access Corp. v. Halleck*, 139 S.Ct. 1921, 1926 (2019) (stating that "[t]he Free Speech Clause of the First Amendment constrains governmental actors and protects private actors"); and *Harris v. Quinn*, 573 U.S. 616, 629 n.4 (2014) (stating that "the First Amendment does not restrict private conduct"). Therefore, the First Amendment does not provide a basis for federal question jurisdiction in this case.

## ii.     The Eighth Amendment

The Eighth Amendment to the United States Constitution provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. Plaintiff states that Dr. Verzola violated the Eighth Amendment right against "cruel and unusual" punishment because his actions amounted to deliberate indifference. In support, she directs the Court to *Estelle v. Gamble*, 429 U.S. 97 (1976).

In *Estelle*, the United States Supreme Court determined that under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Id.* at 103. To demonstrate constitutionally inadequate medical care, an inmate must show that a prison official's conduct amounted to deliberate indifference. *See Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). The Eighth Amendment, however, only applies to state action. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 198-99 (1989) (explaining that the Eighth Amendment "requires the *State* to provide adequate medical care to incarcerated prisoners") (emphasis added). Here, plaintiff has not alleged that Dr. Verzola is a state actor, or that she is an incarcerated individual.

10

It appears that plaintiff is trying to raise a claim under 42 U.S.C. § 1983, which would provide federal question jurisdiction. *See Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (stating that a claim pursuant to § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331"). One of the elements of a § 1983 claim, however, is that the defendant be a state actor. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (stating that for purposes of a § 1983 claim, "a plaintiff must allege sufficient facts to show that the defendant(s) acted under color of state law"). A previously stated, plaintiff has not demonstrated that Dr. Verzola acted under color of state law. Rather, based on what has been presented by plaintiff, Dr. Verzola appears to be a private citizen engaged in the practice of medicine. Absent state action, the Eighth Amendment is inapplicable. Therefore, the Eighth Amendment does not provide a basis for federal question jurisdiction in this case.

### iii. Federal Patient Bill of Rights, Patient Bill of Rights, and Human Rights

Plaintiff asserts that this case involves the federal patient bill of rights, the patient bill of rights, and human rights. She provides very little information by way of explaining to what particular rights she is referring. Certainly, these vague references are insufficient to support the proposition that these are federal laws, much less that those laws create a cause of action in this matter. Therefore, the federal patient bills of rights, the patient bill of rights, and human rights do not provide a basis for federal question jurisdiction in this case.

### iv. Federal Food, Drug, and Cosmetic Act

The purpose of the Federal Food, Drug, and Cosmetic Act (FDCA) is to ensure that consumers purchasing certain goods have some "assurance that they will get what they may reasonably expect to receive." *Federal Security Administrator v. Quaker Oats Co.*, 318 U.S. 218, 232 (1943). To that end, the FDCA prohibits, among other things, the "introduction or delivery for

11

introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded," adulterating or misbranding such items, or receiving "in interstate commerce...any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded." 21 U.S.C. § 331.

In this case, plaintiff presents no allegations regarding any adulterated or misbranded item, much less that Dr. Verzola introduced into interstate commerce or received from interstate commerce an adulterated or misbranded item. More pertinently, the FDCA does not provide a private right of action, meaning that it cannot confer federal question jurisdiction. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 810-811, 814 (1986) (explaining that Congress did not intend for the FDCA to have "a private federal remedy for violations," and "that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently substantial to confer federal-question jurisdiction"). *See also Zink v. Lombardi*, 783 F.3d 1089, 1113 (8th Cir. 2015) (stating that there is no private right of action under the FDCA). Therefore, the FDCA does not provide a basis for federal question jurisdiction in this case.

### v. Consumer Product Safety Act

The purpose of the Consumer Product Safety Act (CPSA) is "to protect the public against unreasonable risks of injury associated with consumer products." 15 U.S.C. § 2051(1). The CPSA permits a plaintiff to recover damages based on a "knowing violation of a consumer product safety rule." *Baas v. Hoye*, 766 F.2d 1190, 1194 (8th Cir. 1985). However, the CPSA "does not allow a private right of action for violations of the statute itself." *Drake v. Honeywell, Inc.*, 797 F.2d 603, 604 (8th Cir. 1986).

In this case, plaintiff is vague as to how the CPSA applies to her case. She references federal regulations, including 21 C.F.R. § 201.57 and 21 C.F.R. § 201.100, regarding F.D.A.

12

requirements for the labeling of prescription drugs, but does specifically identify any "consumer product safety rule" as being at issue. More to the point, she does not accuse Dr. Verzola of actually violating such a rule. As noted above, it is not enough to simply assert that Dr. Verzola violated the CPSA, because there is no private right of action for violations of the statute. Rather, plaintiff must show there was a violation of a "consumer product safety rule," which she has failed to establish. Therefore, the CPSA does not provide a basis for federal question jurisdiction in this action.

## D. Preservice Dismissal

As previously noted, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray*, 567 F.3d at 982. The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8ᵗʰ Cir. 2000). In this case, plaintiff has not carried her burden of establishing the Court's subject matter jurisdiction over this action.

Taken together, plaintiff's complaint and show cause responses assert that Dr. Verzola prescribed her three medications, which apparently caused harmful side effects. As the Court noted in its order to show cause, such an action appeared to sound in state law medical malpractice and negligence. The Court gave plaintiff an opportunity to demonstrate otherwise.

Plaintiff's show cause responses attempt to inject a federal issue into this action by referencing various constitutional provisions, federal acts, and regulations relating to the labeling of medications. However, the First and Eighth Amendments do not support federal question jurisdiction, because there are no allegations of state action or that Dr. Verzola is a state actor. Plaintiff's contention that the FDCA applies also fails, because the FDCA does not provide a private right of action. With regard to the CPSA, plaintiff has not established that there was a

violation of a consumer protection rule. Accordingly, plaintiff has not carried her burden of demonstrating that federal law creates her cause of action.

Similarly, plaintiff has not shown that this case involves a substantial question of federal law. Though she raises the issue of the labeling of the medications she received, there are no allegations that Dr. Verzola had anything to do with this labeling, much less that the labeling itself is improper or violative of federal law. Moreover, to the extent that plaintiff is attempting to assert that the medication itself violated any federal laws or regulations, she has not brought a claim against the manufacturer, the F.D.A., or any other defendant who might have been responsible.[2] The only defendant is Dr. Verzola, and as explained above, the constitutional provisions, federal acts, and regulations proposed by plaintiff as jurisdictional bases are not applicable, based on the facts presented.

In short, nothing on the face of the complaint or plaintiff's subsequent responses establishes that plaintiff's cause of action against Dr. Verzola was created by federal law, or involves a substantial question of federal law. *See Williams*, 147 F.3d at 702. Therefore, plaintiff has failed to demonstrate the existence of federal question jurisdiction. *See Biscanin*, 407 F.3d at 907 ("If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate"). As diversity jurisdiction is also not present, this case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

## E. Motion to Amend and Motion to Correct Complaint

Plaintiff has filed a motion to amend and a motion to correct her complaint. (Docket No. 5; Docket No. 6). As discussed above, the Court has taken into account the information provided

---

[2] The Court notes that plaintiff has filed two separate lawsuits against pharmaceutical manufacturers stemming from this incident. *See White v. Genentech-Roche Pharmaceutical, Inc.*, No. 1:20-cv-41-RLW (E.D. Mo. Feb. 20, 2020); and *White v. Vertex Pharmaceuticals*, No. 1:20-cv-59-SNLJ (E.D. Mo. Mar. 20, 2020). Those cases remain pending.

14

in the motions in determining whether plaintiff has demonstrated the existence of subject matter jurisdiction. The Court has determined that plaintiff has not established the existence of either diversity or federal question jurisdiction. Because allowing plaintiff to amend the complaint would be futile, the motions must be denied. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) ("[T]here is no absolute right to amend and a court may deny the motion based upon a finding of…futility"); *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) ("[T]here is no absolute right to amend and a finding of…futility of the amendment may be grounds to deny a motion to amend"); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (stating that district court was justified in denying plaintiff's leave to amend because the "complaint, as amended, could not withstand a motion to dismiss").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to amend her complaint (Docket No. 5) and to correct her complaint (Docket No. 6) are **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of July, 2020.

Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

15